**THOMPSON v BERTUCCI, Appellant**

---

(March 29, 1926. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 729.**

Where a litigant is not vigilant in his own interest, a cause will not be remanded because a judgment was taken against him in the absence of himself and his counsel. But, if the evidence administered in confirmation of default is insufficient to support the judgment, and it seems likely that further evidence could be presented, this court will reverse the judgment appealed from and remand the case for further hearing upon that ground.

Appeal from the Civil District Court, Hon. E. K. Skinner, Judge, Division "C".

Action by Anna Thompson, widow of John Dines, against William Bertucci.

There was judgment for plaintiff. Defendant appealed.

Judgment reversed and case remanded for further proceedings according to law.

I. J. Barrios, of New Orleans, attorney for plaintiff, appellee.

Dart and Dart and L. L. Dubourg, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Defendant appeals from a judgment taken against him in the sum of $1900.00 in his absence and in the absence of his counsel. A motion to advance the case upon the ground that as a claim for personal injuries it was entitled to preference was made by defendant in this Court and granted. In this motion the following circumstances are related concerning the conditions under which the default judgment was obtained and the truth thereof is generously admitted by plaintiff's counsel:

"That mover, who was absent in Bay St. Louis, Miss., only received notice from his then counsel that the above cause was fixed for trial in the Civil District Court on the night before the date on which the case was fixed for trial; that his said counsel telephoned him on the night before the trial over long distance telephone of the fixing of the case for the next day; that mover informed his said counsel at that time that it would be impossible for him to make arrangement at that late hour to leave someone in his place and come to New Orleans the next morning, and requested said counsel to have said case continued. That mover heard nothing more from his said counsel and assumed that the case had been continued, but said case had in fact been tried the next day in mover's absence, as mover subsequently learned, as hereinafter set out; that the record in this cause shows that at said trial mover's counsel did not appear and judgment was rendered against mover for the full amount sued for, which is $1900.00, approximately. That mover only learned that this judgment had been rendered against him a short time ago when he undertook to sell his interest in a piece of real estate in this city and the said judgment appeared on the mortgage certificate ordered out by the notary as an encumbrance against said property."

We are asked to remand the case and are referred to Succeession of Kerner, No. 8785, Orleans App., where we said:

"While absence of counsel at the original trial of a suit (except under conditions prescribed by Act 196 of 1912) furnishes no peremptory cause for continuance on behalf of counsel's client, but is rather a matter within the discretion of the trial judge, nevertheless, when it appears on appeal that appellant has, by no fault of his own, been deprived of a fair opportunity to have his cause properly presented and tried, the Appellate Court, in order that the ends of justice might be subserved, will set aside the judgment appealed from and will remand the case for further trial."

We think the present case differs from the Succession of Kerner, and while we are prepared to go very far to relieve litigants from the derelictions of counsel who neglect their interests in matters of this sort, nevertheless, when, as in this case, the litigant himself seems indifferent or at least displays insufficient interest in his own affairs, we think it would be an abuse of our discretion to reopen the case on that ground. The defendant, assuming that he relied on his counsel obtaining a continuance, which would be assuming much, for only the Court, and not counsel, could give such assurance, should have made some inquiry as to the progress of the litigation, and failing to hear from his counsel, should have obtained other counsel or taken the matter in his own hands. A proper interest in his own affairs should have prompted him to act before he did, and his not being advised or not knowing the fact that judgment had been rendered against him is no excuse. Months elapsed after the judgment and a fi fa was issued without awakening defendant to activity in his own interest, and it was only when he desired

to sell his interest in property encumbered by the judicial mortgage resulting from the recordation of the judgment that he became active.

However, we cannot affirm the judgment appealed from because of insufficient evidence to sustain it.

No one testifies that defendant injured the plaintiff except the plaintiff herself, and she says she was unconscious immediately following the accident; consequently we are unable to see how she could tell who struck her or what automobile ran into her.

"Q. Do you know the name of the party who owned the automobile that struck you?
"A. Bertucci.
"Q. How do you know his name is Bertucci?
"A. I know his place of business, and he also gave his name and address to the motorman and conductor of the car that I was discharged from.
"Q. Do you know who was operating the Bertucci car when it struck you?
"A. I didn't notice anything, but the time that I could look around he was right on me. After he struck me I didn't know anything."

The witness W. J. Cummings testified:

"Q. Did you see the accident?
"A. Well, I was on the car that morning and heard a commotion on the car and looked back to see what happened and someone hollered, 'They knocked that woman down,' and I jumped down quick to get the automobile number, and he said the party who hit the woman is gone, and a colored chauffeur said, 'No, that's the car that knocked that woman down.' "

Samuel Dauphine testified:

"Q. Do you know anything about the accident?
"A. I was on the car that time going to work, and as soon as she put her foot out of the car I heard her holler. I didn't know what happened until I got off; that was somewhere around seven or eight o'clock, and as soon as she got off the car I heard someone holler, and I didn't know what happened until I went to the window and looked, and that was when I saw her. The automobile had gone off."

Julia Page testified:

"Q. Did you see the accident?
"A. I did not; when I saw her she was lying down and the automobile had passed her.
"Q. Did you see the automobile that was accused of hitting her?
"A. I saw two automobiles, but I don't know which one hit her."

When it is considered that the defense to this suit as set up in the answer avers that defendant was the victim of a mistake and was charged with running into the plaintiff because he happened to be following the automobile which struck her and ran off, and in stopping to render possible assistance to the injured plaintiff was mistaken for the party who caused the accident, it will be seen that this defense is not without support in the testimony of plaintiff's witnesses testifying solely under examination by plaintiff's counsel. On the other hand, there is nothing but plaintiff's statement that Bertucci ran into her to sustain the judgment, and this cannot be accepted, for she claims to have known nothing after the accident.

The judgment must be reversed, but in view of all the circumstances we will remand the case, for it may be that plaintiff can offer other testimony which, in the absence of defendant and defendant's counsel, he considered unnecessary. At any rate, we will give counsel an opportunity to present further testimony by remanding the case.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that this cause be remanded to the Civil District Court for further proceedings, according to law, and not inconsistent with the views herein expressed.